## Commonwealth v. Peruzzo

*Robert J. Cassidy*, for Commonwealth.

*Samuel G. Shahade*, for defendant.

McDonald, J., July 26, 1956.—Defendant was convicted and sentenced on a charge of burglary. He has filed a petiton in forma pauperis praying that he be furnished with certified copies of the commitment, information, warrant, indictment, sentence and a transcribed copy of the testimony in his case. The petition does not indicate that any proceeding to question the record is pending or contemplated. The time for appeal from the conviction and sentence has passed.

Section 2 of the Act of May 1, 1907, P. L. 135, as amended, 17 PS §1802, provides for the employment of an official stenographer to report all proceedings of the court of oyer and terminer and general jail delivery whenever requested by a defendant and further as follows:

". . . That in all cases tried in the several courts of Oyer and Terminer and General Jail Delivery, the defendant or defendants shall be furnished with a copy of the notes of testimony taken at his, her or their request, which said notes shall be paid for by the County in which said case is tried."

In view of the above, defendant is entitled, upon request and at county cost, to a transcribed copy of the notes of testimony taken at his trial.

We are of the opinion, however, that the clerk of courts is not required, at county cost, to furnish certified copies of the other papers requested by petitioner. To grant such a request would, no doubt, bring down upon the clerk of courts a legion of similar requests from the inmates of various State institutions under sentence of this court. We recognize the law is zealous

to protect the rights of the innocent, but if one imprisoned believes he has a meritorious cause for release, the record may be inspected by his counsel or other interested parties, or he may procure certified copies upon payment of the usual fees. However, to require the clerk of courts, at the request of one imprisoned, to provide certified copies of any or all papers in the proceeding through which he had been imprisoned, would greatly burden the work of that official. Such practice would provide those convicted and sentenced to penal institutions with additional equipment for "fishing expeditions" and no doubt lead to harassment of our courts with a greater flood of petitions than now, when in truth the allegations of most of these have been shown to be without merit.

It would be grossly unfair to require the taxpayers, already burdened with unpaid prosecution costs, to pay these additional charges.

We firmly believe there is no statute or case requiring this court to direct the clerk of courts, at county cost, to furnish petitioner with certified copies of the papers which he has requested in his petition. The prayer of his petition as it relates to these certified copies is, therefore, denied: Commonwealth ex rel. v. Ashe, 368 Pa. 629.

We make the following

*Order*

Now, July 26, 1956, the prayer of the petition insofar as it relates to transcript of testimony in the proceedings for no. 20, March sessions, 1956, is hereby granted and Francis J. Leahey, the official court stenographer, is directed to transcribe the notes of testimony and furnish a copy thereof to petitioner at the cost of the county. The prayer of defendant's petition requesting certified copies of other papers filed in the aforesaid proceeding is hereby denied.